IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 2:23-CR-0095-Z-BR-(2) |
| SHANTALE DEAN, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Defendant Shantale Dean ("Dean") is named in a four-count indictment, which charges her with (1) Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, in violation of 21 U.S.C. § 846; (2) Possession with Intent to Distribute Fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (3) Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); and (4) Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). ECF No. 1. Defendant pleaded guilty to Count Three of the Indictment as part of a conditional plea agreement. ECF Nos. 52–53. That conditional plea stipulated that Defendant "reserves the right to appeal the Court's denial of the defendant's motion to suppress filed on June 25, 2024." ECF No. 53 at 6.

Defendant's Motion to Suppress Evidence ("Motion") (ECF No. 49), asks this Court to suppress all evidence statements, tangible things, documents, or testimony related to the search of Defendant's residence at 2906 Walnut Street. *Id.* at 1–2. For the reasons stated below, the Court **DENIES** the Motion.

1

**FACTUAL BACKGROUND**

Starting on January 18, 2023, Agent Nick Burns ("Agent Burns") investigated Defendant Shatasha Yuvette Dean ("Dean") for distribution of ecstasy pills.[1] ECF No. 51 at 1. On February 10, 2023, Agent Burns arranged for a controlled purchase of 150 pills from Dean for $300. As part of that controlled buy, law enforcement observed Defendant leave her apartment, travel to 2906 Walnut Street, Amarillo, Texas, and go inside. Law enforcement then followed Defendant to the meet location. While there, Defendant told Agent Burns that her sister failed to bag the ecstasy pills prior to the purchase. Agent Burns insisted on receiving the pills immediately, so Defendant traveled back to 2906 Walnut Street and returned to the meet location where she sold the pills to Agent Burns. ECF No. 51-1 at 1–2.

On May 11, 2023, Agent Burns again arranged for a controlled purchase of 400 pills from Defendant. Law enforcement once again observed Defendant leave her apartment, go to 2906 Walnut Street, and enter the residence. A short time later, Defendant met Agent Burns. After Agent Burns purchased the pills, Defendant went directly to 2906 Walnut Street and entered the residence. Agent Burns noted that through his training, education, and experience, he knows that persons engaged in drug trafficking will conceal contraband and other evidence of illegal activity in their residence, vehicle, outbuildings, edifices, and on the curtilage. Based on this information, Agent Burns sought permission to search 2906 Walnut Street for controlled substances and property used in the commission of possession, delivery, or manufacture of methamphetamine or implements or instruments used in the possession, distribution, delivery, sale, or manufacture of a controlled substance. Based on these facts, on May 11, 2023, the Honorable Sunny Ratliff, Amarillo Municipal Court Judge, reviewed and authorized a search warrant for 2906 Walnut

---

[1] Agent Burns is employed by the Amarillo Police Department ("APD") and is assigned to the Narcotics Unit. ECF No. 51 at 1.

Street. During the search of that residence, agents located several controlled substances: cocaine, methamphetamine, and fentanyl. *Id.* at 1–3.

### LEGAL STANDARD

Where a defendant challenges a search warrant for lack of probable cause, the Court applies a two-step test. *United States v. Payne*, 341 F.3d 393, 399 (5th Cir. 2003). First, the Court determines whether the good-faith exception to the exclusionary rule applies, as announced in *United States v. Leon*, 468 U.S. 897, 919–20 (1984). *Payne*, 341 F.3d at 399. Under the good-faith exception, evidence obtained during a search pursuant to a legally deficient warrant is admissible "so long as the executing officers' reliance on the warrant was objectively reasonable and in good faith." *Id.* "Issuance of a warrant by a magistrate normally suffices to establish good faith on the part of law enforcement officers who conduct a search pursuant to the warrant." *United States v. Craig*, 861 F.2d 818, 821 (5th Cir. 1988). Second, if the good-faith exception applies, the Court "need not reach the question of probable cause for the warrant unless it presents a 'novel question of law,' resolution of which is 'necessary to guide future action by law enforcement officers and magistrates.'" *Payne*, 341 F.3d at 399. But, if the good-faith exception does *not* apply, the Court must then determine whether "the magistrate had a substantial basis for . . . concluding that probable cause existed." *United States v. Pena-Rodriguez*, 110 F.3d 1120, 1129–30 (5th Cir. 1997) (internal citations omitted).

The good-faith exception does not apply where: (1) the affiant recklessly disregarded the truth and misled the magistrate or judge with false information; (2) the issuing judge or magistrate "wholly abandoned" his judicial role; (3) the warrant is based on an affidavit "so lacking in indicia of probable cause as to render belief in its existence entirely unreasonable;" and (4) where the warrant is so facially deficient in failing to particularize the place to be searched or things to be

3

seized the executing officers cannot reasonably presume it to be valid. *Payne*, 341 F.3d at 399–400 (citing *United States v. Webster*, 960 F.2d 1301, 1307 n. 4 (5th Cir. 1992)).

### ANALYSIS

The Defendant argues the good-faith exception is inapplicable here because "[t]he affidavit supporting the search warrant in the instant case was a bare bones affidavit, and, therefore, the good faith exception to [the] exclusionary rule does not apply here." ECF No. 49 at 4. To the contrary, the Court **FINDS** that law enforcements' reliance on the warrant was objectively reasonable. Even if it wasn't, the warrant is supported by probable cause to justify the search.

#### A. The good-faith exception applies because the warrant was not obtained with a "bare bones" affidavit.

The good-faith exception does not apply when a warrant is obtained with a "bare bones" affidavit, *i.e.*, one containing "wholly conclusory statements, which lack the facts and circumstances from which a magistrate can independently determine probable cause." *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992) (internal citations omitted). "[E]xamples of 'bare bones' affidavits include those that merely state that the affiant 'has cause to suspect and does believe' or '[has] received reliable information from a credible person and [does] believe' that contraband is located on the premises." *United States v. Pope*, 467 F.3d 912, 920 (5th Cir. 2006). An affidavit need not contain direct evidence of criminal activity that supports a finding of probable cause. Rather, a magistrate may make reasonable inferences and draw common sense conclusions from an affidavit.[2] "In determining the sufficiency of an affidavit, the Court must examine the totality of the circumstances, including the *veracity*, *reliability*, and *basis of*

---

[2] *See Brown*, 941 F.2d at 1303 (holding a magistrate "could have reasonably inferred" that criminal activity was occurring from information in an affidavit); *see also United States v. Wylie*, 919 F.2d 969, 975 (5th Cir. 1990) (stating that a magistrate "might reasonably have drawn such [a] common sense conclusion" from an affidavit lacking direct evidence of narcotic sales at a residence).

*knowledge* of a confidential informant." *See United States v. Fisher*, 22 F.3d 574, 578 (5th Cir. 1994) (emphasis added). This "totality of the circumstances" approach to probable cause does not require that all tips be corroborated by subsequent police investigation in order to be considered credible. *See United States v. Blount*, 123 F.3d 831, 836 (5th Cir. 1997).

Here, the affidavit at issue is not so conclusory or lacking in indicia of probable cause as to constitute a "bare bones" affidavit. To the contrary, the affidavit sets forth *specific* facts and circumstances of the controlled buys on February 10 and May 11, 2023, where Agent Burns detailed how Defendant traveled back and forth between 2906 Walnut Street before and after each controlled purchase.

For purposes of the good-faith exception, this information is sufficient to establish the informant's "basis of knowledge" that there was methamphetamine in the residence. *See United States v. McKnight*, 953 F.2d 898, 905 (5th Cir. 1992) (holding affiant's assertion that informant's presence at Defendant's house and observations therein provided information by which a magistrate could discern whether informant had sufficient basis of knowledge).

Taken together, the information in Officer Blackerby's affidavit goes beyond mere conclusory statements. The affidavit provides sufficient evidence for a magistrate to make reasonable inferences and draw common sense conclusions regarding criminal activity at 2906 Walnut Street. Agent Burns and Judge Ratliff both looked at these facts and logically concluded that probable cause existed to believe that the Defendant stored drugs at 2906 Walnut Street. It was objectively reasonable for the executing officers to believe in the validity of the warrant as issued by the municipal judge. Consequently, the Court **FINDS** that the good-faith exception applies and Defendant's Motion to Suppress should be **DENIED**.

### B. The affidavit is supported by sufficient indicia of probable cause.

Even if the good-faith exception does not apply, the warrant is still valid because it is supported by probable cause. Probable cause requires a "reasonable ground for belief" that a crime has been committed and evidence of such crime would be found at the suspected place; or there is a reasonable expectation contraband would be found at the suspected place. *Carroll v. United States*, 267 U.S. 132, 149 (1925).

The magistrate must have a "substantial basis for . . . concluding that probable cause existed." *Pena-Rodriguez*, 110 F.3d at 1129–30. To have a "substantial basis" in determining probable cause, the magistrate judge must decide "given all the circumstances set forth in the affidavit . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Allen*, 625 F.3d 830, 840 (5th Cir 2010). And the reviewing courts "will pay substantial deference to [magistrates'] determinations of probable cause . . . ." *Aguilar v. Texas*, 378 U.S. 108, 111 (1964).

Here, the affidavit presents more than a substantial basis for the magistrate judge to conclude that the Defendant's residence would contain evidence of drug trafficking. The affidavit describes two separate controlled purchases of a controlled substance and ties 2906 Walnut Street to both of these drug transactions. ECF No. 51-1 at 2. That fact, combined with Defendant's own admission that her sister was supposed to "have [the drugs] bagged up before she left 2906 Walnut" would have left the magistrate judge with an "inescapable conclusion from [Defendant] going to 2906 Walnut before and after the controlled purchases was that [Defendant] (and her co-conspirators) stored the drugs at 2906 Walnut . . . ." ECF Nos. 51 at 8; 51-1 at 2.

Given the information in the affidavit, the magistrate likely could conclude that there is a "fair probability that contraband or evidence" would be found at 2906 Walnut Street. Thus, the

Court **FINDS** that the magistrate judge had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *United States v. Allen*, 625 F.3d 830, 840 (5th Cir. 2010). Accordingly, the Court further **FINDS** that the affidavit was supported by probable cause, which serves as an independent basis to **DENY** Defendant's Motion.

CONCLUSION

For the reasons discussed above, Defendant's Motion to Suppress is **DENIED**.[3]

**SO ORDERED.**

July _17_, 2024.

_____
MATTHEW KACSMARYK
UNITED STATES DISTRICT JUDGE

---

[3] The Court also **DENIES** Defendant's request for a hearing on this matter. "[A]n evidentiary hearing is required on a motion to suppress only when necessary to receive evidence on an issue of fact." *United States v. Harrellson*, 705 F.2d 733, 737 (5th Cir. 1983). The sole issues in the Defendant's Motion, however, are issues of law, not of fact. Both parties dispute only whether the good-faith exception should apply and the determination of probable cause, not the relevant facts. And "the district court is properly left with a certain amount of discretion" on whether to grant a hearing if there is no issue of fact. *Harrellson*, 705 F.2d at 237 (quoting *United States v. Losing*, 539 F.2d 1174, 1178 (8th Cir. 1976). In its discretion, the Court declines to hold a hearing on the Defendant's Motion and the Government's Response.